## IN THE UNITED STATES DISTRICT COURT
## OF MARYLAND FOR BALTIMORE DIVISION

| | | |
|---|---|---|
| RUDY PORTILLO-QUINTANILLA , (A#240-066-329)     Petitioner, | * | |
| | * | |
| | * | |
| Donald Trump, President, | | |
| Kristi Noem, U.S Secretary for Department of Homeland Security | * | Case No. |
| and | * | |
| Pamela Bondi, Attorney General, | * | |
| Respondent(s). | | |
| | * | |

*** 

### EMERGENCY WRIT OF HABEAS CORPUS

Now comes the Petitioner, by and through counsel and files the instant Emergency Habeas Corpus Petition under the All Writs Act, the Federal Code and the United States Constitution for the immediate stay of removal, retention in Maryland, and release from immigration detention of the Petitioner prior to his immediate disappearance to CECOT in El Salvador, with uncertain and catastrophic denials of return by President Nayib Bukele of El Salvador, as recently announced, and for good cause states:

### FACTS

1. The Petitioner has been identified with A#240-066-329.

2. The Petitioner's last known address is 608 Delaware Ave, Glen Burnie, MD 21060.

1

3. The Petitioner is now housed at the Baltimore ICE holding office at 31 Hopkins Plaza, Baltimore, MD 21201.

4. The Petitioner is in grave danger from being disappeared to CECOT in El Salvador.

5. The Salvadoran President Nayib Bukele has made statements he "lacks" the power to return even unlawfully remanded prisoners in CECOT.

6. Petitioner risks lids, liberty, and limb if not released from detention by the Government.

7. To the best of our information, the Petitioner has not been convicted of any criminal offenses.

8. To the best of our information and belief, the Petitioner qualifies for Cancellation of Removal upon the issuance of an NTA by USCIS.

9. To the best of our information, the Petitioner does not pose a safety, terrorism, or other risk to the United States.

10. Upon information and belief, Petitioner was sought, detained, and seized in violation of the fourth amendment of the United States Constitution as he had no warrant issued by a US Judge or Magistrate for any federal felony or immigration charges, nor did the ICE agents that seized him has probable cause or reasonable suspicion to detain or seize Petitioner.

## STATEMENT OF THE LAW

This Petition is proper in this U.S. District Court as the Petitioner was apprehended at 0:500 hours this morning near his residence in Maryland at 7622 Baltimore Annapolis Blvd, Glen Burnie, MD 21060..

The Petitioner is now being held at the Baltimore ICE detention center at 31 Hopkins Plaza, Baltimore, MD 20212, or nearby whereabouts undisclosed by Ice.

USCIS and ICE, and DHS are maliciously and purposely not filing an NTA against Petitioner, for the express alleged purpose of disappearing the Petitioner to CECOT.

USCIS, and ICE and DHS are maliciously not registering Petitioner on the ICE inmate locator to thwart and prevent Petitioner.

USCIS and Ice and DHS may claim the Petitioner is an MS-13 gang member or have a basis to arrest him today based on his designation under the Alien Enemies Act.

Per recent Supreme Court precedent, challenges to removal under the AEA, a statute which largely "'preclude[s] judicial review,'" *Ludecke v. Watkins*, 335 U. S. 160, 163–164, (1948), must be brought in habeas. *Cf. Heikkila v. Barber,* 345 U. S. 229, 234–235 (1953) (holding that habeas was the only cause of action available to challenge deportation under immigration statutes that "preclud[ed] judicial intervention" beyond what was necessary to vindicate due process rights). Regardless of whether the detainees formally request release from confinement, because their claims for relief "'necessarily imply the invalidity' " of their confinement and removal under the AEA, their claims fall within the "core" of the writ of habeas corpus and thus must be brought in habeas. *Cf. Nance v. Ward*, 597 U. S. 159, 167 (2022) (*quoting Heck v. Humphrey*, 512 U. S. 477, 487 (1994)).

And "immediate physical release [is not] the only remedy under the federal writ of habeas corpus." *Peyton v. Rowe*, 391 U. S. 54, 67 (1968); *see, e.g., Nance*, 597 U. S., at 167 (explaining that a capital prisoner may seek "to overturn his death sentence" in habeas by "analog[y]" to seeking release); In re Bonner, 151 U. S. 242, 254, 259 (1894).

3

Therefore, for "core habeas petitions," "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U. S. 426, 443 (2004). The detainee here is still in Maryland and this is the proper venue.

CONCLUSION

WHEREFORE, for the above reasons, the Petitioner seeks and asks the court:

1.  To Stay his removal to a foreign state other than Maryland,

2.  To Stay his removal to a foreign nation other than the United States,

3.  To prevent his removal to CECOT in El Salvador, or Guantanamo Bay, Cuba;

4.  To hold an immediate hearing via WEBEX or other online platform to determine the basis of Petitioner's arrest by ICE, USCIS or DHS;

5.  To determine a bond hearing pending proof by USCIS, ICE or DHS that Petitioner merits an NTA

6.  To Suppress under the Fourth Amendment the immigration proceedings if the Court finds that the US Government engaged in "egregious misconduct"

7.  And to pass any other lawful relief the Court deems necessary.

Respectfully submitted,

/s/Abraham F. Carpio

Abraham F. Carpio, Esq.
3311 Toledo Terrace
Suite B 201
Hyattsville, MD 20782
301-559-8100
carpiolaw@gmail.com
Federal Bar #25443

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April, 2025, a copy of the foregoing

was mailed to:

Donald Trump, President
1600 Pennsylvania Ave NW
Washington, DC 20500

Kristi Noem, US Secretary for the Department of Homeland Security
2707 Martin Luther King Jr Ave SE,
Washington, DC 20528

Pamela Bondi, Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kelly O. Hayes, US Attorney for the District of Maryland
36 S. Charles Street, 4th Floor,
Baltimore, MD 21201

/s/ Abraham Fernando Carpio

_____

Abraham F. Carpio, Esq.