IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Rudy Portillo-Quintanilla,**
A#240-066-329

      Petitioner,

v.

**Kristi Noem,** *et al.*,

      Respondents.

Civil Case No. 1:25-cv-1240-LKG

**RESPONDENT'S MEMORANDUM IN OPPOSITION OF PETITIONER'S EMERGENCY WRIT OF HABEAS CORPUS AND MOTION TO DISMISS**

The Court should deny Petitioner Rudy Portillo-Quintanilla's Emergency Writ of Habeas Corpus and enter an Order dismissing his Writ because this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The three independent bases to deny, and ultimately dismiss, this Petition jurisdictionally include (1) 8 U.S.C. §1252(b)(9), which limits judicial review of questions of law and fact arising from removal proceedings to courts of appeal, (2) 8 U.S.C. §1252(g), which bars district court review of decisions by the Attorney General to commence removal proceedings, and (3) 28 U.S.C. §2241 which limits judicial relief to the jurisdiction where the Petitioner is located—which in this case is Virginia, not Maryland.

**FACTUAL BACKGROUND**

Petitioner entered into the United States at an unknown location without being inspected, admitted, or paroled, i.e., he entered this country illegally. Between June 2014 and August 2020, Petitioner was arrested five times by the Baltimore City Police Department and charged with

1

assault second degree. The five arrests did not result in any convictions; rather the charges were nolle prosequed by the Baltimore City State's Attorney's Office. In September 2020, Petitioner was charged with assault second degree, dangerous weapon-intent to injure and intoxicated endanger by the Baltimore City Police Department. In May 2021, those charges were placed on the STET docket. In Latin, "STET" means "let it stand." The charges were placed on the inactive docket. Placing charges on the STET docket is not a finding of guilt. On March 7, 2024, Petitioner was arrested by the Baltimore City Police Department and charged with handgun in vehicle, possession of firearm without a serial number, reckless engagement from car, loaded handgun in vehicle, loaded handgun on person and handgun on person. On March 8, 2024, Emergency Removal Operations ("ERO") Baltimore, Department of Homeland Security, lodged an Immigration Detainer (Form I-247A) with Baltimore City Central Booking and Intake Center. Baltimore City failed to honor the ERO detainer. On June 12, 2024, the Circuit Court for Baltimore City ordered the March 7 charges nolle prosequed.

On April 15, 2025, ERO Baltimore served Petitioner with a Notice to Appear, (Form I-862), pursuant to Section 212(a)(6)(A)(i) of the Immigration and Naturalization Act ("INA"). Petitioner was detained in the Fallon Federal Building on the evening of April 15 and removed to Virginia on April 16 at 9:25am. He was relocated to Abyon/Farmville Detention Center in Farmville, Virginia. It is unclear at what time the Emergency Writ of Habeas Corpus was filed with this Court but undersigned counsel became aware of the Petitioner's Emergency Petition at 5:09pm on April 16. Petitioner remains in custody at the Farmville Detention Center pending removal proceedings.

On April 17, 2025, DHS initiated removal proceedings against Petitioner by serving him with a Notice to Appear ("NTA") (DHS Form I-862) in which DHS charged the Petitioner with

2

being removable under INA Section 212(a)(6)(A)(i) in that he is an alien present in the United States without being admitted or paroled, or who arrived in the United Sates at any time or place other than as designated by the Attorney General. *See* NTA Notice on EOIR Website Exhibit A. On the same date, undersigned counsel provided a copy of the NTA to Petitioner's counsel. The NTA ordered Petitioner to appear before an immigration judge of the Untied States Department of Justice in Annandale, Virginia on May 19 at 1:30pm to show cause why he should not be removed from the United States. *Id*.

## STANDARD OF REVIEW

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The Petitioner, as the party asserting jurisdiction, bears the burden of establishing it. *Id.*

When the Respondent asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). A Rule 12(b)(1) motion "must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## ARGUMENT

### I. 8 U.S.C. §1252(b)(9) Bars Relief and Review.

In passing the REAL ID Act, Congress prescribed a single path for judicial review of orders of removal: "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); *see also Verde-Rodriguez v. Att'y Gen. U.S.*, 734 F.3d 198, 201 (3d Cir. 2013). The REAL ID Act further provides that, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9) (emphasis added). Read in conjunction with section 1252(b)(9), section 1252(a)(5) expresses Congress's intent to channel and consolidate judicial review of every aspect of removal proceedings into the petition-for-review process in the courts of appeals. H.R. Conf. Rep. No. 109-72, at 174–75; *see also Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (highlighting Congress's "clear intent to have all challenges to removal orders heard in a single forum (the courts of appeals)" as part of a petition for review).

In fact, "most claims that even relate to removal" are improper if brought before the district court. *E.O.H.C. v. Sec. United States Dep't of Homeland Sec.* 950 F.3d 177, 184 (3d Cir. 2020); *Fabian A. v. Dep't of Homeland Sec.*, Civ. Act. No. 21-1384, 2021 WL 3486905, at *2 (D.N.J. Aug. 9, 2021); *Gregory E. v. Warden of Essex Cty. Corr. Fac.*, Civ. Act. No. 19-19287, 2020 WL 3129541, at *2 (D.N.J. June 12, 2020); *see also Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 483 (1999) (labeling section 1252(b)(9) an "unmistakable zipper clause," and defining a zipper clause as "[a] clause that says 'no judicial review in deportation cases unless this section provides judicial review.'"); *Vasquez v. Aviles*, 639 F. App'x 898, 900–01 (3d Cir.

2016); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue – whether legal or factual – arising from any removal-related activity can be reviewed only through the [petition-for-review] process.").

That should resolve this case. Portillo can challenge his removal in front of an IJ, who will determine whether Portillo is removable. Portillo then has a right to appeal an adverse order from the IJ to the BIA. If he is unsuccessful with his administrative appeal, he can obtain Article III judicial review by filing a petition for review with the appropriate court of appeals. As important, during immigration proceedings, and then later before the court of appeals, Portillo will have the ability to press his claims, along with any other bases he wishes to raise to contest his detention and/or removal. *See* 8 U.S.C. § 1252(b)(9) (preserving judicial review of "interpretation and application of constitutional and statutory provisions" for courts of appeals but stripping all other courts of jurisdiction, including under habeas, to review such questions of law and fact).

Accordingly, this Petition should be dismissed because Petitioner is currently in removal proceedings before an IJ.

II.  **8 U.S.C. §1252(g) Bars Judicial Review of His Petition**.

Portillo's claims and request for emergency relief also run headlong into the independent jurisdictional bar contained in §1252(g). Therefore, his Emergency Petition should be denied and dismissed on this ground too.

Section 1252(g), as amended by the REAL ID Act, specifically deprives courts of jurisdiction, including habeas corpus jurisdiction, to review "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) eliminates jurisdiction "[e]xcept as provided in this section and

notwithstanding any other provision of law (statutory or nonstatutory)."[1] *Id.* Except as provided by § 1252, courts "cannot entertain challenges to the enumerated executive branch decisions or actions." *E.F.L. v. Prim*, 986 F.3d 959, 964–65 (7th Cir. 2021).

Section 1252(g) was "'directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion,'" to protect "'no deferred action' decisions and similar discretionary decisions." *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3rd Cir. 2020) (quoting *Reno v. Am.-Arab Discrimination Comm.,* 525 U.S. 471, 485). This limitation exists for "good reason:: so "[a]t each stage the Executive has discretion to abandon the endeavor." *AADC.,* 525 U.S. at 483–84. In addition, through § 1252(g) and other provisions of the INA, Congress "aimed to prevent removal proceedings from becoming 'fragment[ed], and hence prolong[ed].'" *Tazu*, 975 F.3d at 296 (alterations in original) (quoting *AADC*, 525 U.S. at 487); *see Rauda v. Jennings*, 55 F.4th 773, 777–78 (9th Cir. 2022) ("Limiting federal jurisdiction in this way is understandable because Congress wanted to streamline immigration proceedings by limiting judicial review to final orders, litigated in the context of petitions for review.").

Section 1252(g) prohibits district courts from hearing challenges to decisions and actions about *whether* and *when* to commence removal proceedings. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("We construe § 1252(g) . . . to include not only a decision in an

---

[1] Congress initially passed § 1252(g) in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009. In 2005, Congress amended § 1252(g) by adding "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "notwithstanding any other provision of law." REAL ID Act of 2005, Pub. L. 109-13, § 106(a), 119 Stat. 231, 311. After Congress enacted the Homeland Security Act of 2002, § 1252(g)'s reference to the "Attorney General" includes the Secretary of Homeland Security. 6 U.S.C. § 202(3); *see also Enriquez-Perdomo v. Newman*, 54 F.4th 855, 863 & nn.3–4 (6th Cir. 2022) (explaining the historical development of § 1252(g)).

individual case *whether* to commence, but also *when* to commence, a proceeding."). Circuit courts have held § 1252(g) applies to the discretionary decision to execute a removal order. *See Tazu*, 975 F.3d at 297–99 ("The plain text of § 1252(g) covers decisions about *whether* and *when* to execute a removal order."); *Rauda*, 55 F.4th at 777–78 ("No matter how [petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [his] removal order, which we have no jurisdiction to review."); *E.F.L.*, 986 F.3d at 964–65 (holding that § 1252(g) barred review of the decision to execute a removal order while an individual sought administrative relief); *Camerena v. Director, Immigration and Customs Enforcement*, 988 F.3d 1268, 1272, 1274 (11th Cir. 2021) (holding that § 1252(g) bars review of challenges to the discretionary decision execute a removal order); *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (finding that § 1252(g) would bar claims asking the Attorney General to delay the execution of a removal order); *Hamama v. Homan*, 912 F.3d 869, 874 (6th Cir. 2018) ("Under a plain reading of the text of the statute, the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review."). Under the plain text of § 1252(g), the provision must apply equally to decisions and actions to *commence* proceedings that ultimately may end in the execution of a final removal order. *See Jimenez-Angeles*, 291 F.3d at 599; *see also Sissoko v. Rocha*, 509 F.3d 947, 950–51 (9th Cir. 2007) (holding that § 1252(g) barred review of a Fourth Amendment false-arrest claim that "directly challenge[d] [the] decision to commence expedited removal proceedings"); *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 945 (5th Cir. 1999) (determining that § 1252(g) prohibited review of an alien's First Amendment retaliation claim based on the Attorney General's decision to put him into exclusion proceedings).

The scope of § 1252(g) also bars district courts from hearing challenges to the *method* by which the Secretary of Homeland Security chooses to commence removal proceedings. *See Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016) ("By its plain terms, [§ 1252(g)] bars us from questioning ICE's discretionary decisions to commence removal—and thus necessarily prevents us from considering whether the agency should have used a different statutory procedure to initiate the removal process."); *Saadulloev v. Garland*, No. 3:23-CV-00106, 2024 WL 1076106, at *3 (W.D. Pa. Mar. 12, 2024) ("The Government's decision to arrest Saadulloev on April 4, 2023, clearly is a decision to 'commence proceedings' that squarely falls within the jurisdictional bar of § 1252(g)."). Arresting Portillo to commence removal proceedings is an "action . . . to commence proceedings" that this Court lacks jurisdiction to review. *See Tazu*, 975 F.3d at 298–99 ("Tazu also challenges the Government's re-detaining him for prompt removal. . . . While this claim does not challenge the Attorney General's *decision* to execute his removal order, it does attack the *action* taken to execute that order. So under § 1252(g) and (b)(9), the District Court lacked jurisdiction to review it.").

In this case, DHS has initiated removal proceedings before EOIR by serving Petitioner with a NTA indicating its intent to remove Petitioner.  See Exhibit A.  Petitioner has a hearing before an EOIR Judge scheduled on May 19. *Id.*  Because Respondents have commenced removal proceedings administratively this Court is divested of jurisdiction to adjudicate Petitioner's Emergency Writ of Habeas Corpus.  8 U.S.C. §1252(g).  Accordingly, Petitioner's Writ should be denied and dismissed.  See *Bolante v. Achim,* 457 F.Supp.2d 898, 902 (E.D.WI. 2006) (dismissing habeas petition challenging DHS refusal to release petitioner on bond pending removal proceedings); *Alvarez v. ICE,* 2011WL6888365 (N.D.Fl.) (denying habeas petition).

### III. Additionally, this Court Lacks Jurisdiction Under 28 U.S.C. §2241 to Effectuate Any Relief.

For "over 100 years," the Supreme Court has held that the proper respondent for a habeas petition challenging present physical confinement is the person who has "immediate custody" of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 424, 434–35 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). The Supreme Court explained that "[t]he consistent use [in the habeas statute] of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Id.* at 434 (quoting 28 U.S.C. §§ 2242-43). The proper respondent is "[the] person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge[.]" *Id.* at 435 (emphasis in original) (citing *Wales*, 114 U.S. at 574; *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 494–95 (1973)). Consequently, "the default rule is that the proper respondent is the *warden of the facility where the prisoner is being held*, not the Attorney General or some other remote supervisory official." *Id.* (emphasis added).

*Padilla* also reiterated that 28 U.S.C. § 2241 contains a statutory limiting clause, which requires a district court issuing a habeas writ to have jurisdiction over the custodian of the petitioner. 542 U.S. at 442. For core habeas petitions challenging present physical confinement, this singular custodian is the warden of the facility where the petitioner is confined. *Id.* at 435; *accord Trump v. J. G. G.*, --- S. Ct. ---, No. 24A931, 2025 WL 1024097, at *1 (U.S. Apr. 7, 2025). A facility warden is by definition located at her facility, and thus, "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Padilla*, 542 U.S. at 444. Consequently, as the Supreme Court explained, "[i]n habeas challenges to present physical confinement, . . . *the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent*." *Id.* (emphasis added). The district-of-confinement rule is a "bright-light

9

rule," which contains no exceptions except those carved out in §§ 2241(d) and 2255, which are not applicable to this current action. *Id*. at 449–50.

In this case Petitioner is in custody in Virginia, not Maryland. He was removed from Maryland at 9:25am on April 16 before the instant Emergency Petition for Habeas Corpus was filed and certainly before undersigned counsel was aware of the habeas petition (5:09pm on April 16). In addition to the statutory bars at 8 U.S.C. §1252(b)(9) and §1252(g) which preclude this Court's jurisdiction over the instant Petition, this Court lacks jurisdiction to effectuate any of the requested relief under 28 U.S.C. §2241 and *Padilla*, 542 U.S. at 449-450.

WHEREFORE, the Respondents respectfully request this Court enter an Order DENYING Petitioner's Emergency Writ of Habeas Corpus, and an Order DISMISSING Petitioner's Emergency Writ of Habeas Corpus.

Dated May 6, 2025

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By: */s/ Thomas F. Corcoran*
Thomas F. Corcoran (Bar No. 24894)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)
Thomas.corcoran@usdoj.gov
*Counsel for Respondents*